NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0594n.06

No. 09-3126

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Sep 03, 2010**
LEONARD GREEN, Clerk

MARTIN JACKSON,                                    )
                                                   )
        Plaintiff-Appellant,                       )
                                                   )    ON APPEAL FROM THE UNITED
v.                                                 )    STATES DISTRICT COURT FOR THE
                                                   )    SOUTHERN DISTRICT OF OHIO AT
INTERNATIONAL FIBER CORP.,                         )    DAYTON
                                                   )
        Defendant-Appellee.                        )


        Before BOGGS, and NORRIS, Circuit Judges; ADAMS[*], District Judge.


        JOHN R. ADAMS, District Judge. Martin C. Jackson ("Plaintiff") appeals the district

court's orders denying in part his motion for additional discovery and granting summary

judgment in favor of International Fiber Corp. ("Defendant") in this action for racial

discrimination in employment and wrongful discharge under the Ohio Civil Rights Act, Rev.

Code § 4112.01 *et seq.*

        Plaintiff requests that we vacate the district court's grant of summary judgment in

favor of Defendant and remand this case to the trial court for further discovery. Because

Plaintiff's motion for additional discovery and Defendant's motion for summary judgment

were correctly decided, we affirm the district court's judgment.

---

[*]The Hon. John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

I.

Plaintiff, who is African-American, began his employment with Fiber Sales Corporation, Defendant's predecessor, in 1992. He worked with Sheila Kitchen ("Ms. Kitchen") and Dawn Mullin ("Ms. Mullin"), who are white females. Defendant subsequently purchased the business, and Plaintiff started employment with Defendant on August 29, 2000. Defendant terminated Plaintiff's employment as a ball mill operator at its manufacturing facility in Urbana, Ohio on March 9, 2001, for violation of Defendant's attendance policy and the union contract. The union filed a grievance on Plaintiff's behalf under the union contract, which was ultimately unsuccessful.

On October 15, 2007, Plaintiff, by and through his counsel, Janet L. Larkin ("Ms. Larkin") of the Law Offices of Tony Merry, LLC, filed a complaint for racial discrimination and wrongful discharge against Defendant. Tony C. Merry ("Mr. Merry") assumed responsibility for the case in May 2008 after Ms. Larkin, his associate, terminated her employment with his law firm. On October 15, 2008, the district court granted the motion of Plaintiff's counsel for leave to withdraw and terminated both Mr. Merry and Ms. Larkin as counsel for Plaintiff. On October 21, 2008, Byron L. Potts ("Mr. Potts") filed a notice of appearance as counsel for Plaintiff.

On February 19, 2008, the parties filed their Rule 26(f) Report wherein they recommended, among other things, a discovery cutoff date of July 30, 2008, and a dispositve motion date of August 30, 2008. The parties also unanimously consented to the

plenary jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). On February 27, 2008, the case was referred to the Magistrate Judge.

The case was set for a preliminary pretrial conference. The district court conducted the scheduling conference on March 17, 2008, and entered a scheduling order adopting the discovery cutoff and dispositve motion dates recommended by the parties.

On July 24, 2008 (six days prior to the original discovery cutoff), Mr. Merry filed a motion to amend the scheduling order by extending the deadlines by 120 days. Defendant did not oppose the extension. On July 29, 2008, the district court amended the scheduling order on the terms Plaintiff requested by, *inter alia*, extending the discovery cutoff until November 30, 2008, and the dispositive motion deadline to January 5, 2009.

On the same day that Mr. Potts entered his appearance as counsel for Plaintiff (October 21, 2008), he filed a motion to amend the scheduling order for a second time. The motion stated in pertinent part: "Although Plaintiff's counsel made several unsuccessful attempts to conduct informal discovery, and Defendant's counsel apparently has not responded, Plaintiff's counsel conducted no formal discovery." Furthermore, the motion provided:

> Now that Plaintiff has retained new counsel, we respectfully request an amended scheduling order to assign a new discovery deadline that will permit Plaintiff to schedule and take the depositions of the Defendant, the Defendant's employees [Mses. Kitchen and Mullin], the Guardian Claims Administrator, and Dr. Dobson. Plaintiff also anticipates propounding written discovery, including interrogatories, requests for production of documents, requests for admissions, and subpoenas, upon the Defendant, Guardian Claims Administrator, and Dr. Dobson. Plaintiff respectfully requests at least four to five months to complete that discovery.

3

The district court set a deadline of October 31, 2008, for any memorandum in opposition to the motion to amend the scheduling order and November 5, 2008, for any reply memorandum from Plaintiff. Defendant filed a timely response, but the time for a reply memorandum expired without a reply being filed by Plaintiff. Defendant's response denied Plaintiff's assertion that defense counsel had not responded to the August 2008 informal discovery requests of Mr. Merry. Defendant's response also included copies of the prompt responses made by defense counsel to Plaintiff's prior informal discovery requests.

On November 6, 2008, Defendant filed its motion for summary judgment. This motion was supported solely by the affidavits of David McGill ("Mr. McGill"), Defendant's Plant Manager, and Butch Roberts ("Mr. Roberts"), Defendant's Production Supervisor, for the plant at which Plaintiff was employed.

On November 12, 2008, the district court entered an order denying Plaintiff's motion to amend the scheduling order for a second time without prejudice to any showing Plaintiff might be able to make under Fed. R. Civ. P. 56(f). The trial court stated:

> The Court is offered no explanation why no more discovery was done by the first two attorneys in the case. The scope of discovery suggested by Plaintiff's present counsel is no different from that suggested in the original Fed. R. Civ. P. 26(f) Report. There is no suggestion that it was impossible to pursue discovery or that the witnesses now sought to be deposed have only just now been discovered.

Plaintiff noticed Mr. McGill for deposition on November 24, 2008. Then, Mr. Potts canceled the deposition and on November 21, 2008, filed a Rule 56(f) motion for continuance to file a response to Defendant's motion for summary judgment. Plaintiff sought a four-month extension of discovery and a five-month extension of time to respond

4

to the summary judgment motion. After Defendant filed a response, the district court entered an order on November 25, 2008, that required Plaintiff to reveal to the court what discovery was attempted by Ms. Larkin and Mr. Merry or what they received by way of initial disclosure. The order provided:

1. Plaintiff must file a reply memorandum in support of his Rule 56(f) Motion not later than December 5, 2008.
2. In the reply memorandum, Plaintiff shall disclose the following in detail:
   1. What disclosures did Defendant make to Plaintiff pursuant to Fed. R. Civ. P. 26 and when?
   2. What discovery, formal or informal, was sought by Plaintiff's first two trial attorneys? When was it sought? What response was received from Defendant? If any written requests were made, they shall be attached with any written responses.
   3. Plaintiff must attach copies of the subpoenas he served which are referred to in the Notice of Service (Doc. No. 25).
   4. Plaintiff must attach copies of any written requests for discovery made by current counsel since he entered his appearance on October 21, 2008.

Plaintiff filed a timely reply memorandum in support of his Rule 56(f) motion. However, he did not comply with ¶ 2 of the order; none of the information the trial court ordered produced was provided. Mr. Potts did not even make an argument as to why the information wasn't necessary for the district court to decide the Rule 56(f) motion; he simply ignored ¶ 2 of the order. Instead of providing the information the trial court ordered, Plaintiff essentially repeated the argument made in the Rule 56(f) motion.

On December 8, 2008, the district court entered an order that reopened discovery to permit Plaintiff to depose Messrs. McGill and Roberts. Defendant was also ordered to produce the following documents to Plaintiff:

1. Documents Defendant supplied to Guardian to process Plaintiff's surgery request;
2. Plaintiff's complete personnel file; and
3. Documents embodying Defendant's policies on health insurance, sick leave, short- and long-term disability leave, discipline (including termination) and any employee manuals applicable to Plaintiff's employment.

The trial court "decline[d] to invade the privacy interests of [Mses. Kitchen and Mullin] in their personnel files in the absence of any evidence by Plaintiff that they [were] similarly situated despite the Court's express request for such information." Plaintiff took the deposition of Mr. McGill on December 18, 2008 and filed the transcript.

After Plaintiff filed a memorandum in opposition and Defendant filed its reply memorandum, the district court granted Defendant's motion for summary judgment on January 15, 2009. The trial court held that "there is no basis for comparing whatever treatment was given to Ms. Kitchen [ ] and Ms. Mullins with the treatment given to Plaintiff because a completely different employer was involved." On February 2, 2009, Plaintiff, by and through his counsel, Mr. Potts, filed a Notice of Appeal to this court.

II.

The court reviews the denial of a Rule 56(f) motion for additional discovery for an abuse of discretion. *See Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 409 (6th Cir. 1998). A court does not abuse its discretion in denying a Rule 56(f) motion if further discovery cannot remedy legal or factual deficiencies in the movant's claims or defenses. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008).

6

With regard to the grant of summary judgment in favor of Defendant, we apply a *de novo* standard of review. *Farhat v. Jopke*, 370 F.3d 580, 587 (6th Cir. 2004). The district court's grant of summary judgment should be affirmed when "the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). An issue of fact is "genuine" if a reasonable person could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). After the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When no genuine issues of material fact exist, this court reviews *de novo* the district court's conclusions of substantive law. *Farhat*, 370 F.3d at 588.

III.

A. *The District Court's Denial in Part of Plaintiff's Motion*

Plaintiff argues that the district court erred in denying in part his Rule 56(f) motion for additional discovery. Plaintiff sought an additional four-month extension of discovery and a five-month extension of time to respond to Defendant's motion for summary judgment. Plaintiff sought this further discovery after the expiration of the discovery cutoff agreed to by his original counsel and extended by the district court as requested by his second counsel. The trial court did reopen discovery to permit Plaintiff to depose Messrs.

7

McGill and Roberts and to obtain certain documents from Defendant in order to oppose Defendant's motion for summary judgment.

We hold the trial court did not abuse its discretion in granting in part and denying in part the Rule 56(f) motion. "[Rule 56(f)] will not be applied to aid a party who has been lazy or dilatory. . . . [A] request for relief under Rule 56(f) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure Civil* § 2741, at 429-31 (3d ed. 1998); *see also Williams v. Vilsack*, 620 F.Supp.2d 40, 51 (D.D.C. 2009) ("the fact that Plaintiffs . . . have now switched counsel, provides no basis to reopen discovery. If that were not the case, every plaintiff . . . whose counsel failed to pursue appropriate discovery would simply switch counsel and seek to reopen discovery pursuant to Rule 56(f). In short, the position in which Plaintiffs now find themselves is a product of their own choices and those of their counsel."). After eight months of discovery, the district court's decision to deny in part Plaintiff's Rule 56(f) motion for additional discovery hardly amounted to an abuse of discretion, especially where, as here, Plaintiff did not comply with the trial court's order to disclose what efforts he had previously made to obtain the desired discovery.

B. *The District Court's Grant of Summary Judgment*

Plaintiff alleged that Defendant discriminated against him on the basis of his race in violation of the Ohio Civil Rights Act with respect to the terms and conditions of his

employment and by considering his race as a motivating factor in its decision to terminate his employment.

The Ohio Supreme Court has stated that "federal case law interpreting Title VII of the Civil Rights Act of 1964 . . . is generally applicable to cases involving alleged violations of R.C. Chapter 4112." *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 421 N.E.2d 128, 131 (Ohio 1981).

To establish a prima facie case of discrimination, a plaintiff must show: (1) membership in a protected class; (2) qualification for the position; (3) an adverse employment action; and (4) replacement by a person outside of the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). "[A] plaintiff can also make out a *prima facie* case by showing, in addition to the first three elements, that 'a comparable non-protected person was treated better'." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992). *See also Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1246-47 (6th Cir. 1995). When using the comparable employee test, a plaintiff "must produce evidence which at a minimum establishes (1) that he was a member of a protected class and (2) that for the same or similar conduct he was treated differently than similarly-situated non-minority employees." *Mitchell*, 964 F.2d at 582-83. The parties to be compared must be similarly situated in all relevant respects; that is, they "must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Ercegovich v.*

9

*Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998) (quoting *Mitchell*, 964 F.2d at 583). In *Talley*, we held that "showing that similarly situated non-protected employees were treated more favorably than the plaintiff is not a requirement but rather an alternative to satisfying the fourth element of the prima facie case[.]" 61 F.3d at 1247. Therefore, discrimination can be shown either by replacement by a non-protected person or by disparate treatment between Plaintiff and similarly situated non-protected employees. Finally, a plaintiff may show that he was the victim of a discriminatory practice by either direct evidence or through indirect evidence. *Byrnes v. LCI Commc'n Holdings Co.*, 672 N.E.2d 145, 148 (Ohio 1996).

Plaintiff presented no direct evidence of racial animus; we must therefore determine whether he can advance a prima facie case using circumstantial evidence under the *McDonnell Douglas* framework. While the parties agree that the first three elements of the prima facie case are satisfied, Plaintiff has not demonstrated, or even alleged, that he was replaced by a non-protected person. Therefore, the parties' dispute as to the presence of a prima facie case turns solely on whether Plaintiff was treated differently than similarly situated employees--"comparators"--who were not in his protected class.

We hold that Plaintiff failed to meet his evidentiary burden under the fourth element of the *McDonnell Douglas* prima facie case. The employees to whom Plaintiff points as comparable non-protected persons that were treated better are white female coworkers Mses. Kitchen and Mullin. The district court correctly held that Defendant was entitled to summary judgment because Plaintiff failed to establish that he was similarly situated to

10

Kitchen and Mullin and thus did not establish a prima facie case of racial discrimination based on circumstantial evidence. Plaintiff was not sufficiently comparable to Kitchen and Mullin because it is undisputed that any acts of accommodation of them, assuming they occurred, were done by the prior employer, Fiber Sales Corporation, and not by Defendant. *See Ercegovich*, 154 F.3d at 352.

IV.

The judgment of the district court is affirmed.